IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AHF COMMUNITY DEVELOPMENT, LLC, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:06-CV-1035-D |
| VS. | § § | |
| THE CITY OF DALLAS, et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff AHF Community Development, LLC ("AHF") moves to exclude three expert witnesses whom defendants have designated. Defendants the City of Dallas ("City"), Preston Gilstrap, and Richard Todd oppose the motion and move in the alternative to designate experts out-of-time. The court denies AHF's motion to exclude, and it denies as moot defendants' alternative motion to designate experts out-of-time.

I

AHF brings this lawsuit alleging that the City and individual City officials engaged in harassment of tenants and other unlawful conduct at one of AHF's apartment complexes, triggering a decline in occupancy and causing AHF to default on its bond indebtedness. The court entered a scheduling order setting October 31, 2007 as the deadline to designate rebuttal experts. Prior to the deadline, defendants designated Jacob Isaac Guest, C.P.A. ("Guest") as an expert witness who would testify regarding, *inter alia*, the cause

of any financial losses that AHF incurred and rebut the opinions of AHF's bonds expert, Stephen R. Coma ("Coma"). The parties agreed that Guest would provide his expert report 60 days after receiving certain financial documents from AHF. On April 9, 2008, however, Guest died before providing his report. Defendants informed AHF of his death. In May 2008 the court granted the parties' agreed motion for leave to modify the sixth amended scheduling order and for extension of trial date. The court extended the discovery and motion deadlines and continued the trial date. The parties did not request, and the court did not grant, an extension of the deadline for designating rebuttal experts.

On August 1, 2008 AHF informed defendants that, unless they designated a successor expert and provided the expert report by August 8, 2008, AHF would object to the designation. On August 21, 2008, approximately 4½ months after Guest's death, defendants filed a supplemental designation of expert witnesses naming Don Southerland, C.P.A. ("Southerland"), Adrian Cowan, Ph.D. ("Dr. Cowan"), and Kevin Kinder, C.P.A. ("Kinder"). Southerland and Dr. Cowan were retained to replace Guest; Kinder was designated as a non-retained expert witness because Southerland intends to rely, in part, on Kinder's deposition testimony, audit reports, and audit working papers. Defendants provided Southerland's expert report concurrently with the supplemental designation but did not disclose Dr. Cowan's report until September 23, 2008. AHF has deposed

Southerland but has not deposed Dr. Cowan.  The trial is currently scheduled for the two-week docket of May 18, 2009.

II

Under Fed. R. Civ. P. 26(a), a party must identify the expert witnesses whom it may call at trial and, for certain expert witnesses, provide a report describing, *inter alia*, the expert's opinions and the basis for them.  Rule 26(e)(1) requires a party who has made a disclosure under Rule 26(a) to supplement or correct the disclosure if the party learns that it is materially incomplete or incorrect.  Supplementation or correction must be done in a "timely manner."  Rule 26(e)(1).[1]

---

[1] Defendants suggest that Rule 26(e)(2), rather than Rule 26(e)(1), establishes the deadline for supplementing a disclosure. Under Rule 26(e)(2), "[a]ny changes or additions to [information included in an expert's report or given during an expert's deposition] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Rule 26(a)(3)(B), in turn, requires pretrial disclosures to be made at least 30 days before trial.  Defendants suggest that their supplemental designation was not made out-of-time because it was made more than 30 days before trial.  The court disagrees.

First, the plain language of Rule 26(e)(2) applies to the supplementation or correction of information contained in an export report or given in a deposition, not to the initial designation of an expert.  Second, by its terms, the Rule applies only where an expert report has already been provided or a deposition taken.  The court therefore rejects the suggestion that Rule 26(e)(2) permits a party to designate an expert, provided it does so more than 30 days before trial. Moreover, neither Southerland's nor Dr. Cowan's report can be considered a change or addition to a prior report because Guest had not yet disclosed his expert report at the time of his death.  Therefore, Rule 26(e)(2) does not control whether defendants' supplemental designation of Southerland, Dr. Cowan, and Kinder was timely.  *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (holding that production of original report was not governed by Rule 26(e)(2)).

In its discretion, the district court may exclude the testimony of experts who have not been properly designated. *E.g.*, *Wright v. Blythe-Nelson*, 2001 WL 804529, at *2 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)); *see also Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971) ("[T]he discretion of the trial court [as to pretrial matters should be] applied with intelligent flexibility, taking into full consideration the exigencies of each situation."). The following four factors guide the court's exercise of its discretion: (1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Geiserman*, 893 F.2d at 791 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)). The court will examine each factor to decide whether defendants made their supplemental designations of Southerland, Dr. Cowan, and Kinder in a timely manner and whether their opinions should be excluded.[2]

---

[2]Although the parties address these four factors only with respect to defendants' alternative motion to designate out-of-time, the factors are also the relevant factors in guiding the court's decision whether to exclude the testimony of defendants' experts for improper designation. *See, e.g., Wright*, 2001 WL 804529, at *2 (considering these four factors to determine whether to exclude party's late-designated experts).

III

A

Defendants maintain that they diligently attempted to secure an expert to replace Guest but were hampered both by unforeseen circumstances and by AHF's actions. They assert that they initially contemplated retaining another individual from Guest's former accounting firm and met without success with several individuals at the firm. Defendants maintain that they later entered into extended discussions with another accountant, but this plan was stymied by an unexpected conflict of interest. They posit that, by mid-May 2008, they had identified Southerland and Dr. Cowan and determined that the two could together replace Guest. Defendants maintain that, although Southerland and Dr. Cowan began reviewing documents before the end of May, their efforts were hampered and delayed by Coma's dilatory production of documents on which he had relied in preparing his expert report, including relevant 2007 audited financial statements that were provided in July 2008, and by Coma's substantive amendments to his report in July 2008 and August 2008.

AHF responds that, although it was willing to allow defendants a reasonable time to secure a successor expert, they have taken an inordinate and unjustified amount of time in doing so. AHF maintains that defendants have taken advantage of these circumstances and have attempted to shift the blame for their delay

to Coma, AHF's expert. Although AHF does not dispute that Coma twice amended his report, AHF maintains that the changes relate to matters of little consequence and do not justify the delay of defendants' experts in disclosing their reports. AHF also contends that it was not dilatory in providing the 2007 audited financial statements in July 2008 because it did not receive them from the auditor until June 2008.

B

Defendants have sufficiently explained why they made a supplemental designation of experts on August 21, 2008, disclosed Southerland's report on August 21, 2008, and did not disclose Dr. Cowan's report until September 23, 2008. It is not unreasonable that defendants initially encountered difficulty securing the services of experts who were willing and able to opine on putatively complex financial matters. Moreover, once retained, the experts were required to study and analyze extensive materials. Because the motion and case records do not provide the court intimate familiarity with what was required of each expert to prepare a report, the court cannot definitively say that defendants' experts took no more time than necessary. But this does not mean that defendants' explanation for the timing of the reports' disclosure is inadequate or unreasonable. Rather, the court finds under the circumstances of this case that defendants acted reasonably in providing both reports by approximately 5½

months after Guest's death (approximately 4½ months for Southerland's report).³

Moreover, AHF's production of documents and Coma's amendments to his report during the time that defendants' experts were preparing their own reports weigh against exclusion. Even assuming that AHF was not dilatory in its production, defendants' experts were still required to consider how this new material might affect their analysis and opinions. And although AHF maintains that Coma's amendments pertained to matters of little consequence, defendants' experts were still obligated to give them careful consideration, and they may have taken a different view regarding the significance of the revisions. Further, while (as AHF suggests) defendants' experts could have provided their original reports sooner by disregarding Coma's amendments and later filing updated reports that took account of the amendments, it was not unreasonable for the experts to include in their original reports analysis and opinions that were developed after considering Coma's revisions. Finally, no evidence supports AHF's assertion that

---

³The reasonableness of this time frame is also supported by a statement in the parties' May 23, 2008 agreed motion for leave to amend the sixth amended scheduling order and for extension of trial date: "The Parties have agreed that eight to ten weeks, at a minimum, would be reasonably necessary for the Defendants' successor experts to review all relevant evidence and render reports." Agreed Mot. ¶ 7. This motion indicates that AHF was aware that, at the earliest, defendants were not expecting to provide the expert reports until the middle of July or the beginning of August.

defendants somehow used Guest's death to gain an unfair advantage.

C

Dr. Cowan and Southerland, relying in part on Kinder's analysis, will provide opinions important to defendants' case. They will rebut the expert testimony of Coma, AHF's bonds expert. Moreover, AHF acknowledges that the testimony of these experts is important.

D

The remaining two factors deal with prejudice, and the court will discuss them together. AHF maintains that it will be prejudiced if the court allows the testimony of defendants' experts, because its own experts may need to respond to their criticism, it may need to conduct additional discovery after the discovery deadline has elapsed, and it must bear the additional expense of deposing Southerland and Dr. Cowan.

Any prejudice that AHF is likely to suffer can be cured by extending the rebuttal expert designation and discovery deadlines and by continuing the trial date, if necessary. This will give AHF's experts time to file amended reports and permit AHF to designate rebuttal experts and conduct necessary discovery of experts, including deposing Dr. Cowan.[4] Moreover, because AHF

---

[4]Defendants point out that they tendered Dr. Cowan for deposition on September 27, 2008, and AHF declined. Given that Dr. Cowan's report was tendered just four days before the proposed deposition date and there were other scheduled depositions during that time, AHF's refusal was not unreasonable, and the court finds

never deposed Guest, it will not incur cumulative expense by deposing the experts who replace him. Accordingly, the parties may by agreement seek extensions of these deadlines to accommodate these processes. Absent agreement, a party may move for reasonable relief from the rebuttal expert designation and discovery deadlines and the trial date.

E

Considering the four factors in tandem, and for the reasons explained above, the court declines in its discretion to exclude the opinions of Southerland, Dr. Cowan, and Kinder. "'[T]he exclusion of evidence is a harsh penalty' and 'should be used sparingly.'" *Lee v. Valdez*, 2008 WL 4287730, at *6 (N.D. Tex. Sept. 18, 2008) (Fitzwater, C.J.) (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)). Instead, the court will grant the relief necessary to enable the parties to designate rebuttal experts, conduct expert discovery, and prepare for trial.

---

no reason to credit defendants' suggestion that AHF was simply trying to manufacture prejudice.

* * *

Accordingly, AHF's September 9, 2008 motion to exclude defendants' late-designated expert witnesses is denied. Defendants' September 29, 2008 alternative motion to designate experts out-of-time is denied as moot.

**SO ORDERED.**

December 2, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE